1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAULINE V. MONTGOMERY,                 No.  1:23-cv-01044 NODJ GSA (PC)

12              Plaintiff,                    ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
13        v.
                                             ORDER DIRECTING PLAINTIFF'S NOTICE
14   CDCR CORRECTIONS, OFFICER, et al.,      BE FILED IN MONTGOMERY V. CDCR
                                             CORRECTIONS OFFICER, NO. 1:23-CV-
15              Defendants.                  00439 NODJ BAM AND IN MONTGOMERY
                                             V. MADERA DEP'T OF CORRECTIONS,
16                                           NO. 1:23-CV-00919 JLT BAM

17                                           (ECF No. 14)

18                                           ORDER VACATING ORDER DIRECTING
                                             DEBIT OF PLAINTIFF'S PRISON TRUST
19                                           FUND ACCOUNT

20                                           (ECF No. 8)

21                                           ORDER DIRECTING CLERK OF COURT TO
                                             COORDINATE WITH COURT'S
22                                           FINANCIAL DEPARTMENT TO RETURN
                                             FEES DEBITED FROM PLAINTIFF'S
23                                           TRUST FUND ACCOUNT IN COMPLIANCE
                                             WITH JULY 17, 2023, ORDER
24
                                             (ECF No. 8)
25
                                             ORDER RECOMMENDING THIS MATTER
26                                           BE DISMISSED WITH PREJUDICE AS
                                             DUPLICATIVE OF EARLIER-FILED
27                                           MONTGOMERY V. CDCR CORRECTIONS
                                             OFFICER, 1:23-CV-00439 NODJ BAM
28

                                            1

1

2

PLAINTIFF'S OBJECTIONS TO FINDINGS
AND RECOMMENDATIONS DUE
**FEBRUARY 20, 2024**

3

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

4

5

rights action seeking relief under 42 U.S.C. § 1983.  ECF No. 1 ("Montgomery II").  The matter

6

was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local

Rule 302.

7

For the reasons stated below, the Clerk of Court will be ordered to file Plaintiff's recent

8

9

notice (ECF No. 14) in the two other active cases Plaintiff has filed in this Court.  The

10

undersigned will also vacate the July 17, 2023 order issued to the California Department of

Corrections and Rehabilitation ("CDCR") directing payment of the filing fee for this matter.  See

11

ECF No. 8.  In addition, it will be recommended that this matter be dismissed with prejudice as

12

13

duplicative of Montgomery v. CDCR Corrections Officer, No. 1:23-cv-00439 NODJ BAM (PC)

14

("Montgomery I"), which is currently pending before a different magistrate judge.  Finally, it will

15

be recommended that the Clerk of Court coordinate with the Court's Financial Department to

16

return to Plaintiff the funds debited to date from her prison trust fund account for this case.

I.    RELEVANT FACTS

17

A.  Montgomery v. CDCR Corrections Officer, No. 1:23-cv-00439 NODJ BAM[1]

18

On March 23, 2023, the complaint filed by Plaintiff in Montgomery v. CDCR Corrections

19

20

Officer, No. 1:23-cv-00439 NODJ BAM (PC) was docketed.  Montgomery I, ECF No. 1.  In it,

21

Plaintiff names a CDCR correctional officer at Central California Women's Facility ("CCWF")

22

as well as the Madera County Sheriff as defendants.  Id. at 1-2.  The complaint raises claims of

23

24

25

26

27

28

[1]  A review of Montgomery I indicates that the magistrate judge presiding over it has
recommended that that matter be dismissed for failure to obey court orders and for failure to
prosecute.  See Montgomery I, ECF No. 16.  Specifically, it appears that Plaintiff has neither filed
a completed, signed forma pauperis application with the requisite trust account statement, nor in
the alternative, paid the filing fee in that case.  In addition, it appears that Plaintiff has not filed a
signed complaint as she has also been ordered to do.  See Montgomery, ECF No. 14 (order
directing Plaintiff to do same).  The pending findings and recommendations were issued on
September 25, 2023.  See Montgomery I, ECF No. 16.  The docket does not indicate that Plaintiff
has filed objections to those findings and recommendations.

2

1   excessive force, threat to safety, and deprivation of medical care stemming from an incident at the

2   Madera County Courthouse during which an officer grabbed her shoulders and forcibly turned her

3   back and forth, presumably, to make her stand in line properly.  See id. at 3-5.

4        Plaintiff states that when she reported the incident the officers did not report it to a higher-

5   level authority or give her access to medical care.  Id. at 4-5.  She claims that the incident left her

6   with red marks and bruising as well as with mental health issues.  Montgomery I, ECF No. 1 at 3-

7   5.  She also states that she feared for her safety.  Id. at 4.  As a remedy, Plaintiff requests that the

8   officers be punished for not following proper procedures.  Id. at 6.

9            B.  Montgomery v. CDCR Corrections Officer, No. 1:23-cv-01044 GSA

10       On July 7, 2023, the instant complaint and application to proceed in forma pauperis were

11  filed in the Central District of California.  Montgomery II, ECF Nos. "doc," 2.  Shortly thereafter,

12  the matter was transferred to this district.  Id., ECF No. 4.  On July 17, 2023, Plaintiff's trust fund

13  account statement was docketed, and her in forma pauperis application was granted.  Id., ECF

14  Nos. 7, 8.  The order granting Plaintiff in forma pauperis status directs the CDCR to debit

15  Plaintiff's trust fund account in increments until the filing fee is paid in full.  See id., ECF No. 8.

16  Screening of the complaint is pending.

17       With the exception of some additional exhibits attached to the Montgomery II complaint,

18  it is a duplicate of Montgomery I.  The named defendants, the language used, and the incident at

19  issue are all the same.  Compare Montgomery I, ECF No. 1,  with Montgomery II, ECF No.

20  "doc".

21           C.  Plaintiff's Notice Docketed January 11, 2024

22       On January 11, 2024, a letter Plaintiff filed with the Court, which the Court has construed

23  as a notice, was docketed.  Montgomery II, ECF No. 14.  The intended primary focus of the

24  document is unclear, however in it Plaintiff alleges, in relevant part, that she has two cases in this

25  Court with the same name:  "Montgomery v. Madera Dep't of Corrections",[2] and she admits that

---

[2]  Plaintiff appears to be mistaken.  A review of the titles of the three cases Plaintiff has filed
indicates that the two which share the same name are the Montgomery I and Montgomery II
matters.  The Montgomery v. Madera Dep't of Corrections, No. 1:23-cv-0919 JLT SAB matter is
the only case that has been filed in this district with that name, and it has different facts that

the incidents in them occurred "at the same institution with the same people." <u>Id.</u> at 1.  She further states that in the <u>Madera</u> case, she has been charged a filing fee, and she asks the Court why she is being asked to file an amended complaint in it.  <u>Id.</u>

II.    <u>APPLICABLE LAW</u>

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant'."  <u>Adams v. California Dep't of Health Servs.</u>, 487 F.3d 684, 688 (9th Cir. 2007) <u>overruled on other grounds by</u> <u>Taylor v. Sturgell</u>, 553 U.S. 880, 904 (2008); <u>Walton v. Eaton Corp.</u>, 563 F.2d 66, 70 (3d Cir. 1977) (stating same).

To determine whether a matter is duplicative, a court must ask the following:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

<u>Costantini v. Trans World Airlines</u>, 681 F.2d 1199, 1201-1202 (9th Cir. 1982) (citing <u>Harris v. Jacobs</u>, 621 F.2d 341, 343 (9th Cir. 1980)).  The fourth criteria is the most important.  <u>Id.</u> at 1202. The dismissal of duplicative lawsuits promotes judicial economy.  <u>Adams</u>, 487 F.3d at 693.

III.    <u>DISCUSSION</u>

The instant complaint must be dismissed.  Considering the <u>Costantini</u> factors, because a dispositive order has yet to issue in <u>Montgomery I</u>, the first factor cannot be considered. However, with respect to factors two through four, in <u>Montgomery II</u>, the same facts are presented in the body of the complaint that have been set forth in <u>Montgomery I</u>; Plaintiff alleges the same violations of right as she has in <u>Montgomery I</u>, and both suits arise out of the same

---

appear to be unrelated to <u>Montgomery I</u> and <u>Montgomery II</u>.

Plaintiff is informed that this Court cannot address issues in other cases in this district that are not before it.  However, *as a one-time courtesy*, the Court will direct the notice to be filed in <u>Montgomery I</u> and in the third case mentioned above.  Plaintiff is informed that it is her responsibility, *not* the Court's, to make certain her filings are docketed in the correct case.

1    transactional nucleus of facts.  Because Plaintiff's prison trust fund account is being debited for

2    this duplicate matter, in the interests of justice, the order directing her trust account to be debited

3    will be vacated and the Clerk of Court and Financial Department will be ordered to return to

4    Plaintiff any fees debited from it for this case to date.

5          In sum, the instant complaint is virtually a carbon copy of the complaint that was filed in

6    Montgomery I.  The factors in Costantini have been satisfied.  For these reasons the undersigned

7    finds that this case is a duplicate of Montgomery I.  As a result, it is recommended that it be

8    dismissed with prejudice.  See, e.g., Adams, 487 F.3d at 694 (finding court acted within its

9    discretion in dismissing duplicative complaint with prejudice).

10         Accordingly, IT IS HEREBY ORDERED that:

11         1.   The Clerk of Court shall file a copy of Plaintiff's notice (ECF No. 14) in the following

12   cases:

13              a.   Montgomery v. CDCR Corrections Officer, No. 1:23-cv-00439 NODJ BAM, and

14              b.   Montgomery v. Madera Dep't of Corrections, No. 1:23-cv-0919 JLT SAB;

15         2.   The July 17, 2023, order which grants in forma pauperis status and directs the

16   California Department of Corrections and Rehabilitation to debit Plaintiff's trust fund account to

17   collect the filing fee for this case (see ECF No. 8) is VACATED;

18         3.   Consistent with the vacation of the July 17, 2023, order, the Clerk of Court and the

19   Financial Department shall coordinate and ensure that the FILING FEES taken from Plaintiff's

20   trust fund account to date in compliance with it (see ECF No. 8) are RETURNED to Plaintiff, and

21         IT IS FURTHER RECOMMENDED that this matter be DISMISSED with prejudice as

22   DUPLICATIVE of the earlier-filed Montgomery v. CDCR Corrections Officer, No. 1:23-cv-

23   00439 NODJ BAM.

24         These findings and recommendations are submitted to the United States District Judge

25   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

26   after being served with these findings and recommendations – **by February 20, 2024**, – Plaintiff

27   may file written objections with the Court.  Such a document should be captioned "Objections to

28   Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

5

objections within the specified time may waive the right to appeal the District Court's order.

<u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 5, 2024**                    _____**/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE

6